### In re LINEY'S WILL.

*(Surrogate's Court, Monroe County.   September 20, 1890.)*

WILLS—UNDUE INFLUENCE—PRESUMPTION.

> Where an illiterate, intemperate, credulous old man, over 80 years of age, feeble both in body and mind, and easily controlled by others, makes a will while sojourning with a friend, by which he gives the bulk of his property to that friend and his wife, to the exclusion of a son and grandchildren, in whose favor he had made former wills, the burden is on the persons claiming under the last will to show that it was not procured by undue influence, and, failing this, its probate will be revoked.

Proceedings to revoke the probate of the will of Robert Liney, deceased.

*W. A. Armstrong,* for executors.   *John H. Hopkins,* for contestants.

ADLINGTON, S. This decedent was an illiterate, intemperate, credulous old man, past 80 years of age. He was feeble both in body and mind, subject to certain delusions, and, while probably of sound mind in a strictly legal sense, was so feeble in will and intellect as to be easily influenced and controlled by other people. During the last half year of his life he had executed three wills, the last of which is now the subject of controversy. By the first two wills he had given to his son and grandchildren nearly all his property, and in making such wills had shown much readiness to heed the suggestions of outsiders as to the form of his testamentary dispositions and the appointment of executors. Within two weeks after the date of the second will, and while temporarily sojourning in the house of a friend, the third will is executed by him, giving the great bulk of his estate to that friend and his wife. No satisfactory reason appears for the sudden change of purpose in this feeble old man. Upon the persons claiming to benefit by a will made under circumstances such as surrounded this transaction, by an aged and feeble-minded man, the law devolves the duty of proving that the instrument was the voluntary outcome of the decedent's own wishes, and was not procured by the improper influence of the beneficiaries. Unless this is satisfactorily shown, the presumption arises that the will is the result of undue influence or fraud, and it should not be allowed to stand. *Marx* v. *McGlynn,* 88 N. Y. 357; *Mowry* v. *Silber,* 2 Bradf. Sur. 133; *Will of Clausmann,* 24 Wkly. Dig. 226. Such fraud or undue influence is not usually open and visible to the draughtsman of the will, or to the attesting witnesses, but is commonly exercised behind the scene. *Mowry* v. *Silber, supra,* 149. I think the facts and circumstances of this case warrant inference that this will was procured by the undue influence of the Murrays, the chief beneficiaries under it, and that the probate should therefore be revoked. There may be a decree accordingly, on three days' notice.